No. 7706.

FLORSHEIM BROS. vs. THOMAS HOLT, EXECUTOR.

*An executor cannot at the risk of the succession carry on planting operations, and contract in so doing debts so as to bind the estate.*

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Boarman,* J.

*N. C. Blanchard, W. H. Wise,* for plaintiffs and appellees.

*T. T. & A. D. Land* for defendant and appellant.

T. T. & A. D. Land, for defendant and appellant, contended :

Defendant pleaded that plaintiffs' petition disclosed no cause of action. It is well settled in our jurisprudence that an executor or administrator cannot, by making or indorsing a note or draft in his official capacity, bind the estate when not originally liable for the debt, but that he will thereby render himself responsible, individually. Russel vs. Cash, 2 L. 188 ; Gillett vs. Rachal, 9 R. 276 ; 12 R. 16 ; 8 A. 124 ; 21 A. 285 ; 25 A. 562 ; 26 A. 660.

It is equally well settled that executors, administrators, etc., have no power to create liabilities against the estate or increase its responsibilities. 21 A. 287 ; 22 A. 372 ; 24 A. 83. An administrator cannot bind the estate he represents, ex contractu, without the authority of the judge. 26 A. 680.

The authority of an executor to carry on a plantation, furnish it with supplies, etc., must be shown, otherwise the estate is not liable for the supplies furnished by a merchant under his direction. Miltenberger vs. Taylor, 23 A. 189.

N. C. Blanchard and W. H. Wise, for plaintiffs and appellees, contended :

That when a succession owes no debts, and the heirs desire that a plantation belonging to it should not be sold, but should be cultivated by the executor for their benefit, the latter has the right to borrow the money and supplies necessary for that purpose, from commission merchants.

The commission merchants, in that case, are entitled to all the expenses made by them for raising the crop and preserving the property in good order, and should recover the same from the succession. 19 A. 494 ; 27 A. 331.

----

The opinion of the court was delivered by

WHITE, J. We do not think there was error in overruling the exception ; the face of the papers showed that the indebtedness inured to the benefit of the succession ; and, taking this for true, there was a good cause of action. The want of allegation that Harris had authority to sign the note was certainly a defect in the pleadings ; but, taking the petition as a whole, we think the inference fairly deducible that the act of Harris in signing the note was the act of the executor. The contract made with Harris we consider undoubtedly threw upon him the burden of paying the running expenses of the plantations ; the words of the contract which charge him with the duty of paying the taxes and all the " farming and grazing expenses," admit of but one

Florsheim Bros. vs. Holt, Executor.

construction. The act, therefore, of Harris in opening an account with the plaintiffs in his name, and obtaining advances as agent of Holt, executor, was clearly without warrant. The proof, we think, establishes that L. H. Holt, the agent of the executor, was aware of Harris' conduct; knew that the advances were being made; and was not only by his silence, but it may be by his consent and approval, the cause of the giving of the credit to Harris, as the pretended representative of the executor. But this cannot help the plaintiffs' case. L. H. Holt, the authorized agent of the executor, could, under the power, have no greater authority than would have had the executor. Now, we take it that it is no longer an open question that an executor cannot, at the risk of the succession, carry on planting operations, and contract in so doing debts so as to bind the estate; at all events, certainly not without previous authority obtained. Miltenberger vs. Taylor, 23 A. 189, and authorities there cited. Nor do we think the cases of Succession of Wederstrandt and Succession of Brown teach a contrary doctrine. 19 A. 494; 27 A. 331.

The first case simply holds that where at the death of a testator a crop has been planted an executor may, unless the heirs and legatees object, cultivate it to fruition. The second, that where an executor does exceed his powers and carry on a plantation, the heirs may take the proceeds on paying the necessary expenses incurred in making it. The argument that because the debit side of the account shows that taxes were paid by the money of the plaintiffs' firm, therefore the succession is bound *pro tanto*, is without force. The product of the cotton sold was more than sufficient to pay these, as well as the other items referred to in the brief of counsel. The account must be considered in one of two lights: either as an account of Harris, as representative of Holt, executor, or as that of Harris individually. If the first, then the cotton was received and sold for the account of the executor, and the credit must be imputed to that which the succession owed. If in the name of Harris individually, then the succession would not be bound at all. Of course, we are not concerned with the hardship of the plaintiffs' case; if they acted without due precaution, or upon erroneous representations, they must look elsewhere for recovery. We cannot enforce against the succession an obligation which did not inure to its benefit, and which was entered into beyond the scope of the executor's authority.

Judgment reversed; and judgment be and the same is hereby rendered in favor of the defendant, and against the plaintiffs, with costs in both courts.